THE STATE, EX REL JUSTICE, *v.* RONE, JUDGE.

[Cite as State, ex rel. Justice, v. Rone (1972),
33 Ohio App. 2d 1.]

2

*Mr. James E. Weger*, for relator.
*Mr. William E. Huber*, for respondent.

GUERNSEY, J. This action in mandamus originated in this court, the relator seeking to require the respondent to convene an examining court, hear witnesses, and make such order as justice requires, as prescribed by R. C. 2937.-34. An alternative writ of mandamus was issued and upon appearing the respondent answered that he had performed the act ordered. Relator replied that the proceedings were not such as were contemplated by the statute and that he was entitled to further order from this court requiring the respondent to comply with the statute.

The evidence discloses that a hearing was held; that the committing magistrate, the sheriff and the clerk of courts testified as to the proceedings resulting in relator's commitment; that the issue of due process was raised and considered but the relator was not permitted to explore the issue of probable cause; that although the arraignment of relator had been initiated by the magistrate as provided by R. C. 2937.03, relator sought representation by counsel and had been committed to jail pending such representation; and that although a month had passed, no plea has been entered by relator in magistrate's court and no further proceedings have been carried forth therein.

It is apparent from the evolution of the Ohio statutes pertaining to the examining court, the predecessors of the present R. C. 2937.34, that it came into existence as a means

of protecting accused persons from the laxities, failures and nonexpertise of the justice of the peace system. It provided a parallel means for preliminary examination of a prisoner, utilized primarily where the justice of the peace failed to examine into the cause of his detention at all, failed to examine into the cause of detention promptly, or failed to do so properly. It substituted for the nonexpertise of the justice of the peace the hearing and determination by qualified judges and the result of such hearing was essentially similar to the result of a hearing before the justice of the peace, i e., the prisoner was either wholly discharged or bound over with bail set.

Although undergoing slight amendments the statute(s) pertaining to the examining court remained the same in its essential aspects until 1929. As set forth in G. C. 13-530 it provided:

"When a person is committed to jail charged with the commission of an offense, and wishes to be discharged therefrom, the sheriff or jailer shall forthwith give to the probate judge, clerk and prosecuting attorney of the proper county, at least three days' notice of the time of holding an examining court, to attend, according to such notice, at the court house. The judge, having examined the witnesses, including the accused, if he request an examination, shall discharge him, if he find there is no probable cause for holding him to answer; otherwise he shall admit him to bail or remand him to jail. * * *."

In 1929 the legislature revised and codified the criminal laws. In so doing it amended the statute to read as follows (113 Ohio Laws 154, G. C. 13435-14):

"When a person is committed to jail, charged with an offense of which he has not been indicted, and claims to be unlawfully detained, the sheriff on demand of the accused or his counsel shall forthwith notify the court of common pleas or probate court, and the prosecuting attorney, to attend an examining court, the time of which shall be fixed by the judge. The judge shall hear said cause or complaint, examine the witnesses and make such order as the justice of the case requires, and for such purpose the

court shall have power to admit to bail, to release without bond, or recommit to jail in accordance with the commitment. In the absence of the judge of the court of Common Pleas, the probate judge shall hold such examining court.''

R. C. 2937.34 differs in essentials from G. C. 13435-14, as quoted, only in the deletion therefrom of the phrase, ''or Probate Court.'' The following differences between G. C. 13530 and R. C. 2937.34 (G. C. 13435-14) will be noted:

1. The former could be invoked by any person charged and committed to jail who wishes to be discharged therefrom whereas the latter could be invoked only by a person charged and committed to jail who has not been indicted and who claims to be unlawfully detained.

2. The former requires the accused to be discharged if the court find there is no probable cause for holding him to answer whereas the latter makes no reference to probable cause and requires the court to make such order within designated powers as the justice of the case requires.

3. The former provides that if not *discharged* the accused shall be admitted to bail or remanded to jail whereas the latter provides that its powers shall be to admit the accused to bail, *release* without bond, or recommit to jail in accordance with the commitment.

These are distinctions with a difference and it is apparent that the legislature intended by its amendments in phraseology to make definite amendments in procedure. There no longer exists a specific requirement that the examining court inquire into probable cause and, in any event, it does not appear that such an inquiry would be justified in a situation where, as here, the accused has not even entered a plea. Were the accused to enter a plea of guilty, there would be no occasion to inquire as to probable cause.

By further specifying the powers that the examining court shall have it is apparent that although the legislature intends that the examining court shall make such order as the justice of the case requires, it also intends that such order shall be confined to admission to bail, release without bond, or recommission to jail in accordance with the com-

mitment. The examining court no longer has the authority to *discharge* the prisoner from responding to the charge. In this respect, its power, at best, is merely to *release* the prisoner without bond, the prisoner still remaining accountable on the charge. It will be noted too that the power to commit to jail is limited to a power to recommit to jail in accordance with the commitment. These matters are wholly inconsistent with examination for probable cause.

It is apparent then that the function of the examining court under R. C. 2937.34 is no longer in lieu of or parallel to the function of the magistrate's court. Neither does it review the legality of what has been done by the magistrate's court nor does its hearing constitute a de novo hearing on matters which have already been considered by the examining court. Its procedure more closely approaches that of habeas corpus except that it has no power to discharge. It constitutes, essentially, a method for determining whether a prisoner who has not been indicted (or for that matter, in some cases, not even arraigned) shall be released, with or without bail bond, pending further proceedings on the charge against him. The examining court takes the situation as it finds it and makes its order based on that situation. There are no conditions to be satisfied as a prerequisite to its exercising its jurisdiction. In most cases it will exercise jurisdiction because the magistrate's court has not carried out its functions and it may not defer such exercise waiting for those functions to be executed. In appropriate cases it will apply R. C. 2937.21 limiting continuances without consent to ten days in determining whether the prisoner should be recommitted or be released pending further proceedings.

The only question now before this court in this action in mandamus is whether the judge of the Common Pleas Court complied with the alternative writ of mandamus previously issued in this action. As this is not an appeal from his proceedings we are not concerned with whether he acted in an erroneous manner.

Pursuant to R. C. 2937.34 the respondent was order-

ed to convene an examining court to hear the complaint of the relator that he is unlawfully detained, to examine the witnesses, and to make such order as the justice of the case requires. Notwithstanding that he states in his finding that he "is without jurisdiction because the accused has not exhausted his remedies available to him in the lower court," it is apparent from the evidence that the respondent did convene an examining court and hear the testimony of witnesses. We must conclude that his conclusion as to jurisdiction was not that he was without jurisdiction to proceed but that on the facts he was without jurisdiction to grant the relief sought by the relator. In any event, after he convened the court, he heard the testimony of all witnesses offered by either party, considered that testimony together with any other stipulated evidence concerning the relator's commitment, and rendered a decision that the relator should be recommitted in accordance with the commitment on which he had been held.

It appears that the respondent has done all that can be required of him in an action in mandamus. In so doing he has also exercised a discretion belonging solely to him. If that discretion has been abused this remedy will not reach such abuse. Accordingly, no further relief may be granted on the complaint for a writ of mandamus and the complaint is dismissed.

*Complaint dismissed.*

YOUNGER, P. J., and COLE, J., concur.